IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CHARLES RAY SHORB,

        Plaintiff,

v.

JOSEPHINE COUNTY CIRCUIT COURT; LINDI BAKER; MICHAEL NEWMAN; RYAN A. MULKINS,

        Defendants.

Civ. No. 1:17-cv-00449-AA

**OPINION & ORDER**

AIKEN, District Judge.

This matter comes before the Court on Defendants' Motion to Dismiss the Amended Complaint. ECF No. 14. Plaintiff has not responded to the motion and the time for doing so has passed. For the reasons set forth below, the motion is GRANTED and this case is DISMISSED with prejudice.

## BACKGROUND

The Amended Complaint, which is styled "Amended Bill in Equity in Exclusive Equity," ECF No. 6, is disjointed and difficult to read. It is, for the most part, an incomprehensible gibberish of misapplied legal and quasi-legal terms. To the extent that the Amended Complaint can be understood, it appears to bring some sort of common law civil and/or equity action related to Plaintiff Charles Shorb's criminal conviction in Oregon state court.

In 2008, Shorb was convicted of Rape in the First Degree and Sexual Abuse in the First Degree following a jury trial in Josephine County Circuit Court. Shorb is currently in the custody of the Oregon Department of Corrections and is proceeding *pro se*. Shorb brings this action against the Josephine County Circuit Court, two state court judges, and the Josephine County District Attorney, apparently for acts taken in the course of Shorb's criminal prosecution.

Shorb has previously filed a petition for habeas corpus, which was denied in February 2017. *Shorb v. Nooth*, 2:14-cv-02005-SB, 2017 WL 465469 (D. Or. Feb. 2, 2017). That matter is currently on appeal in *Shorb v. Nooth*, Ninth Circuit Case No. 17-35102.

## LEGAL STANDARD

Where a plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). In order to state a viable claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This means a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Defendants move to dismiss this case with prejudice on the grounds that (1) this Court lacks jurisdiction over Shorb's claims; (2) Josephine County Circuit Court is entitled to sovereign immunity under the Eleventh Amendment; (3) the individual Defendants are entitled to judicial or prosecutorial immunity for acts taken in the course of Shorb's criminal prosecution; (4) Shorb has failed to state a claim against Defendants; (5) Defendants are entitled to qualified immunity; and (6) Shorb has failed to properly serve Defendants.

As a preliminary matter, Defendants have requested that the Court take judicial notice of the docket sheet for Shorb's underlying criminal conviction in Josephine County Circuit Court, *State v. Shorb*, Case No. 05CR0974, which is attached to Defendants' Motion to Dismiss as Exhibit 1. Although district courts may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, they may take judicial notice of documents referenced in the complaint, pleadings from other relevant proceedings, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). The Ninth Circuit has "extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint,

the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also* Fed. R. Evid. 201.

In this case, the docket sheet for *State v. Shorb* is a matter of public record and it is necessarily relied upon by the Amended Complaint. Shorb has not objected to Defendants' request for judicial notice, or otherwise responded to Defendants' motion, and the time for doing so has now passed. The Court therefore GRANTS Defendants' request for judicial notice of Defendants' Exhibit 1.

### I.     Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the United States Constitution and Congress. *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (*en banc*). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citation omitted). Federal courts have jurisdiction over two primary categories of cases: (1) those based on federal law (federal question jurisdiction); and (2) those involving citizens of different states where more than $75,000 is at issue (diversity jurisdiction). *See* 28 U.S.C. §§ 1331-32.

Diversity jurisdiction requires that the plaintiff and defendant be "citizens of different states." 28 U.S.C. § 1332(a)(1). The plaintiff has the burden of showing diversity of citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its

own initiative, at any time. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In this case, there is no diversity of citizenship as all parties are citizens of Oregon or, in the case of the Josephine County Circuit Court, an Oregon state court. Shorb also appears to disclaim federal question jurisdiction based on 42 U.S.C. § 1983 and other civil rights statutes. *See* Am. Compl. 2 ("This complaint does not fit within the scope of the DISTRICT COURT's form for civil rights violations as the Complainant is not a statutory citizen, and I am not claiming jurisdiction under said statutes. I require exclusive equity."). As the basis for jurisdiction, Shorb states that this court "has original jurisdiction of civil cases arising in equity" under the Constitution. Am. Compl. 2. In this case, in the absence of diversity and in light of Shorb's explicit rejection of federal question jurisdiction based upon civil rights statutes, this Court must conclude that it lacks subject matter jurisdiction over this action. Defendants' Motion to Dismiss is therefore GRANTED. In an abundance of caution, however, the Court will address the other matters raised by Defendants in their Motion to Dismiss.

## II. Sovereign Immunity

The Eleventh Amendment provides that a state is immune from suit in federal court unless Congress has abrogated the state's immunity by appropriate federal legislation or the state itself has waived it. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011). It is similarly well settled that a state agency is entitled to sovereign immunity from suit. *P. R. Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 144 (1993). This immunity also extends to the circuit courts of the State of Oregon. *Butler v. Forest Grove Police Dep't*, No. 3:16-cv-2403-SI, 2017 WL 57129, at *4 (D. Or. Jan. 4, 2017). Congress has not abrogated state sovereign

immunity in 42 U.S.C. § 1983. *See Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012).

In this case, Defendant Josephine County Circuit Court is an Oregon state court and is entitled to the protection of sovereign immunity. Shorb does not identify any waiver or abrogation of Oregon's sovereign immunity with respect to his claims. All claims against the Josephine County Circuit Court are therefore dismissed. As this defect cannot be remedied by amendment, dismissal is with prejudice.

### III. Judicial Immunity

Lindi Baker and Michael Newman are judges in the Josephine County Circuit Court and Defendants assert that they entitled to judicial immunity. Judges are absolutely immune from liability for damages caused by judicial acts performed in their judicial capacity. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). To qualify for judicial immunity, a judge must have performed a "judicial act" which was within the scope of his or her jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978). An act is judicial in nature if it is a function normally performed by a judge and the parties to the act were dealing with the judge in her judicial capacity. *Id.* at 362. A judge does not forfeit judicial immunity because his or her action was in error, was done maliciously, or was in excess of the judge's authority. *Id.* at 356. The scope of a judge's jurisdiction must be broadly construed. *Id.*

In this case, the Amended Complaint alleges that Judge Baker and Judge Newman somehow wronged Shorb in the course of his criminal prosecution before the state court. Shorb alleges that the judges are not entitled to judicial immunity because they were acting in a "ministerial" capacity and "enforcing statutes." Am. Compl. 4. The Court concludes that, on the face of the Amended Complaint, the challenged acts were taken in the Defendants' judicial

capacity. Judges Baker and Newman are entitled to judicial immunity. The Court notes that Shorb's claims against the judicial Defendants are also frivolous. Accordingly all claims against Judge Baker and Judge Newman are dismissed. As this defect cannot be remedied by amendment, dismissal is with prejudice.

## IV. Prosecutorial Immunity

Defendants assert that Defendant Ryan Mulkins, the Josephine County District Attorney, is entitled to prosecutorial immunity. The Supreme Court takes a "functional approach" to absolute immunity. *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999). To determine its applicability, the Court looks to the nature of the function performed, not the identity of the actor who performed it. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). A prosecutor is entitled to absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 429-30 (1976). Such conduct includes the initiation of prosecution, the preparation and filing of an arrest warrant, the appearance at a probable cause hearing to support a search warrant application, and the presentation of the state's case. *Ewing v. City of Stockton*, 588 F.3d 1218, 1232-33 (9th Cir. 2009). Absolute immunity does not attach to administrative or investigatory acts by prosecutors unrelated to preparation for and initiation of prosecution. *Romano*, 169 F.3d at 1186; *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009). Thus, whether Mulkins is entitled absolute immunity turns on whether his allegedly unconstitutional act was prosecutorial in nature.

In this case, Mulkins is the Josephine County District Attorney and was one of the attorneys who prosecuted Shorb in his criminal trial. Although the Amended Complaint is difficult to parse, it is clear that Shorb is challenging Mulkins's decision to name Shorb as a defendant in the underlying action, as well as Mulkins's presentation of the state's case. These

acts were clearly part of the judicial phase of the underlying case. Accordingly, Mulkins is entitled to prosecutorial immunity and all claims against Mulkins are dismissed with prejudice.

## V. Failure to State a Claim

To the extent that the Amended Complaint is comprehensible, Shorb appears to claim that (1) the laws of Oregon do not apply to him because he did not enter into a contract with the State of Oregon; (2) the Josephine County Circuit Court lacked subject matter jurisdiction over Oregon's criminal statutes; (3) he was subject to "military process,"; (4) the state and federal governments, as well as the courts and district attorneys, are private corporations with no lawful authority over him; (5) the judge "failed to subrogate the Complaint/Surety and exonerate him"; (6) the Defendants "are not in possession of the required Notice of Taxable Termination from the U.S Treasury, which is required to authorize the plundering of the decedent's legal estate as an enemy belligerent,"; (7) the individual Defendants breached a "fiduciary duty to settle a debt and release the Surety,"[1] when they presided over Shorb's conviction; and (8) the true defendant in the underlying case was not Shorb, but a "fictive *nom de guerre* (all capitalized name of war)" created by the government. Am. Compl. 4-9.

As a preliminary matter, Shorb was not subjected to "military process." He was convicted in Josephine County Circuit Court, following a jury trial and is incarcerated at an Oregon state prison. Def. Mot. Ex. 1, at 9. Nor did the state court lack subject matter jurisdiction to try or convict Shorb. Josephine County Circuit Court is a valid Oregon state court, constituting Oregon's 14th Judicial District. ORS 3.012(1)(n). It has subject matter jurisdiction over all actions, unless specifically divested of jurisdiction. Or. Const., Art VII (Original), § 9 ("All judicial power, authority, and jurisdiction not vested by this Constitution, or

---

[1] From context, it appears that "the Surety" and "the Complainant" are meant to refer to Shorb himself. *See, e.g.,* Am. Compl. 9-10.

by laws consistent therewith, exclusively in some other Court shall belong to the Circuit Courts, and they shall have appellate jurisdiction, and supervisory control over the County Courts, and all other inferior Courts, Officers, and tribunals."); Or. Const., Art. VII (Amended), § 2 ("The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law."); *Specialty Risk Serv. v. Royal Indem. Co.*, 213 Or. App. 620, 624-25 (2007). The jurisdiction of Oregon's circuit courts extends to felony prosecutions. Or. Const. Art. VII (Amended), § 5 (describing the means by which a person may be charged with a felony in an Oregon circuit court); *State v. Caldwell*, 187 Or. App. 720, 723-24 (2003).

To the extent that Shorb challenges the fact or duration of his confinement, the exclusive vehicle for such claims is a petition for habeas corpus. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc). Similarly, to the extent that Shorb seeks recover damages for an allegedly unconstitutional confinement, he must show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Shorb has not made such a showing, nor is he able to do so as the denial of his habeas petition is currently on appeal to the Ninth Circuit.

Shorb's other claims are patently frivolous. They lack any legitimate or comprehensible factual basis or legal grounding to state a claim upon which relief might be granted. This supplies an independent basis for granting Defendants' motion.

Although *pro se* plaintiffs are normally given leave to amend, courts may dismiss with prejudice if the pleading could not be cured by the allegation of additional facts. *Lopez v. Smith*,

203 F.3d 1122, 1130 (9th Cir. 2000). As the Court has determined that Shorb has failed to state a claim and that the Defendants are entitled to absolute immunity, it is not necessary to address the issues of qualified immunity or improper service.

## CONCLUSION

Defendants' Motion to Dismiss is GRANTED. ECF No. 14. This case is DISMISSED with prejudice and final judgment shall be entered.

It is so ORDERED and DATED this \_\_\_\_11th\_\_\_\_ day of October, 2017.

_____
Ann Aiken
United States District Judge